IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

AARON TREADWAY, *et al.*,

        Plaintiffs,

v.                              CIVIL ACTION NO. 5:06-cv-00191

BGS CONSTRUCTION, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiffs' Rule 72 objections to Magistrate Judge VanDervort's Order entered February 9, 2007 [Docket 88] and Plaintiffs' Motion to Compel filed on February 21, 2007 [Docket 92] (hereinafter, the Discovery Disputes). In light of this Court's Memorandum Opinion and Order entered this day resolving the parties cross-motions for summary judgment, and for the reasons stated below, Plaintiffs' objections are **SUSTAINED** and their Motion to Compel is **GRANTED**.

The instant action was brought by Plaintiffs as a purported collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, against Defendant BGS Construction, Inc. (BGS) on March 15, 2006. In their Complaint, Plaintiffs Aaron Treadway and Jimmy Smith sought payment for unpaid wages.[1] Plaintiffs thereafter moved the Court to allow this case to proceed as a collective action. In support of their motion, Plaintiffs stated that they and their co-workers each

---

[1] Plaintiff Bernard Moore was added in the First Amended Complaint filed July 28, 2006. Plaintiffs Jarod Atwell, Ronald Brooks, Larkin DeLung, Roger McDowell, Theodore Myers, Seth Proskin, and Reese Spearen were added in the Second Amended Complaint filed December 14, 2006.

traveled from West Virginia to Paducah, Kentucky, for BGS, and were not paid for their travel time. Plaintiffs sought to notify their co-workers of this action such that they might join in the lawsuit. By Order entered July 28, 2006, this Court ordered BGS to turn over the names of its employees who worked with Plaintiffs at the Paducah work site so they could be notified.

On September 1, 2006, Plaintiffs supplemented their motion for this case to proceed as a collective action, and stated that a group of similarly situated plaintiffs also worked at BGS's Springfield, Illinois, work site. Based on these representations, the Court found in its Order entered October 16, 2006, that Plaintiffs' collective action could proceed as to the Paducah and Springfield work sites. The Court further ordered that discovery would be limited to issues related to BGS's liability, and not damages, pending resolution of the parties' cross-motions for summary judgment as to the applicability of the FLSA.

Generally, in the Discovery Disputes, BGS properly declined to produce records related to damages until the Court resolved the issue of BGS's liability. However, BGS appears to have also interpreted the Court's prior orders as having limited these Plaintiffs' claims to those involving the Paducah and Springfield work sites.[2] Plaintiffs argue that while collective action status was only afforded to the Paducah and Springfield work sites, their claims should not be limited to those work sites if they were not paid for their travel to other distant work sites.

The Court **FINDS** that its prior orders did not limit these Plaintiffs' claims to the Paducah and Springfield work sites. Rather, Plaintiffs may properly proceed with their claims to all unpaid overtime, regardless of location. *See* Fed. R. Civ. P. 18(a) ("A party asserting a claim to relief . . .

---

[2] *See* BGS's Response to Plaintiffs' Motion to Compel [Docket 97] (". . . Judge Johnston found that the range of the civil action is limited to issues about travel to and from the Paducah, Kentucky and Springfield, Illinois jobsites and that any records related to other jobsites are not discoverable.").

may join . . . as many claims . . . as the party has against the opposing party."). Thus, in the "damages phase" of this case, these Plaintiffs are permitted discovery as to unpaid wages at each distant work site of BGS to which they traveled, consistent with the FLSA's limitation period.[3] The Court will enter a Second Amended Scheduling Order to guide the resolution of the damages phase of this case. In order to discuss the appropriate time frames for the Second Amended Scheduling Order, the Court **SCHEDULES** a Telephonic Status Conference for **Thursday, October 4, 2007 at 2:00 p.m.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion to counsel of record and any unrepresented party.

ENTER: September 25, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[3] The Court does not, however, modify its October 16, 2006 Order limiting the "plaintiff class" to the Paducah and Springfield work sites, as Plaintiffs have not sought to amend their Collective Action Notice to add additional work sites.